**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
By:   Jeffrey M. Pollock, Esq.
        Jack L. Kolpen, Esq.
        Irina B. Elgart, Esq.
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
(609) 896-3600
Attorneys for Plaintiff C.R. Bard, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| C.R. BARD, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 2:07-1895 (JAG) (MCA) <br><br> Consolidated Cases |
| C.R. BARD, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LEXINGTON INSURANCE CO. and, AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE CO, <br><br> Defendants. | **AMENDMENT TO DISCOVERY CONFIDENTIALITY ORDER** <br><br> 2:07-cv-2547 (MCA) |

This matter having come before the Court on application by C.R. Bard, Inc. for a Discovery Confidentiality Order pursuant to Fed. R. Civ. Pro. 26(c) and L. Civ. R. 5.3; and the Court having considered the Affidavit in Support of Discovery Confidentiality Order dated April 15, 2008 and submitted in the case captioned <u>C.R. Bard v. Lexington Insurance Company</u>, 07-CV-2547, which is consolidated for discovery purposes with the present action, and the Court having considered the objections of Lexington Insurance Company and Chartis Specialty Insurance Company f/k/a American International Insurance Company, and the Court having found that the requirements of Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3 have been satisfied; and it appearing that certain documents and other information to be produced in discovery herein may contain confidential, trade secret or proprietary business information; and the Court having determined that entry of the within Order is appropriate in this matter to prevent unwarranted use or disclosure of confidential or proprietary information; and for good cause shown,

It is on this ___ day of _____, 2010,

ORDERED that the Discovery Confidentiality Order on Consent dated April 17, 2008 and entered in C.R. Bard v. Lexington Insurance Company, 07-CV-2547 shall remain in full force and effect in this matter as consolidated and is amended as follows:

27. Whereas certain documents were previously produced by Bard and numerous third parties in an action filed in the United States District Court, District of Eastern Missouri, Southern Division, captioned <u>Southeast Missouri Hospital Association, et al. v. C.R. Bard, Inc., et al.</u>, Case No. 1:07-cv-31 (TCM) ("Southeast Missouri Action"), pursuant to an Agreed Protective Order entered on June 28, 2007 ("Southeast Missouri Agreed Protective Order"), a copy of which is attached hereto as Exhibit "A."

28. Whereas certain documents were previously produced by Bard and other parties in an action filed in the United States District Court, District of New Jersey, captioned <u>C.R. Bard, Inc. v. Liberty Mutual Insurance Company</u>, Case No. 2:07-cv-1895 (JAG) (MCA) ("Liberty Action"), pursuant to a Discovery Confidentiality Order on Consent ("Liberty Confidentiality Order") entered on December 7, 2007 and amended on March 17, 2009, copies of which are attached hereto as Exhibit "B."

29. Whereas certain documents were previously produced by Bard and other persons or entities in the action captioned, <u>Medmarc Casualty Insurance Company v. C.R. Bard, Inc.</u>, UNN-L-2435-05 (N.J. Super. Ct., Law Div. 2005) (the "Medmarc Action"), pursuant to a Consent Protective Confidentiality Order entered in the Medmarc Action (the "Medmarc Confidentiality Order") on February 28, 2006 and amended on April 2, 2007, copies of which are attached hereto as Exhibit "C."

30. Whereas certain documents were previously produced by the Insurance Services Organization, Inc. ("ISO") in the Medmarc Action pursuant to a Confidentiality Agreement between Medmarc, Bard and ISO (the "Medmarc ISO Agreement") on September 17, 2007, a copy of which is attached hereto as Exhibit "D." It is contemplated that these documents will be produced in this action. In this regard, the Parties executed in this action a Confidentiality Agreement between Lexington, Bard and the ISO ("Lexington ISO Agreement"), a copy of which is attached hereto as Exhibit "E."

31. It is so ordered that the parties will abide by the provisions of the Southeast Missouri Agreed Protective Order, the Liberty Confidentiality Order, the Medmarc Confidentiality Order, the Medmarc ISO Order, and the Lexington ISO Agreement as to all documents produced by any parties or entities pursuant to them. It is so ordered that the

classifications of documents produced as "CONFIDENTIAL," "FOR ATTORNEY'S EYES ONLY, " and "FOR OUTSIDE COUNSEL ONLY" under the Southeast Missouri Agreed Protective Order, the Liberty Confidentiality Order, the Medmarc Confidentiality Order, the Medmarc ISO Order, and the Lexington ISO Agreement shall be fully and completely effective under this Order. It is so ordered that any documents that were produced under the Southeast Missouri Agreed Protective Order, the Liberty Confidentiality Order, the Medmarc Confidentiality Order, and the Medmarc ISO Order, regardless of their classification, that are produced in this action, shall be used only in and only for the purposes of this litigation.

32.   If counsel for a party receiving documents or information objects to the classification of a document or information, the following procedure shall apply:

(a)   Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is so designated. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)   If a dispute as to a designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The

document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

33. All requests to seal documents filed with the Court shall comply with Local Civil Rule 5.3. Any party filing a request to seal documents must serve a copy of their motion papers and a copy of this Order on any interested third parties.

34. The provisions of this Order supersede any conflicting provisions of the Court's April 28, 2008 Discovery Confidentiality Order.

35. The disclosure of documents produced to Bard from Medmarc and ISO under the discovery confidentiality orders identified above shall be produced to Defendants American International Surplus Lines Insurance Company and Lexington under this Amendment to the April 28, 2008 Discovery Confidentiality Order after ISO and Medmarc have consented to this Amendment, such consent to be sought within 10 days of entry of this order.

MADELINE COX ARLEO, U.S.M.J.

The parties, through their undersigned counsel, hereby agree to the form and entry of the foregoing amendment to the April 17, 2008 Discovery Confidentiality Order on Consent.

        FOX ROTHSCHILD, LLP
        Attorneys for Plaintiff
        C.R. Bard, Inc.

By:   /s/ Jeffrey M. Pollock, Esq.
       Jeffrey M. Pollock, Esq.
       Princeton Pike Corporate Center
       997 Lenox Drive, Building 3
       Lawrenceville, New Jersey 08648

       Dated: May ___, 2010

BATES & CAREY LLP
Attorneys for Defendant Lexington Insurance Company

By:   /s/ Richard H. Nicolaides, Esq.
       Richard H. Nicolaides, Esq.
       Traci M. Ribeiro, Esq.
       191 North Wacker Drive, Suite 2400
       Chicago, Illinois 60606
       Attorney ARDC No. 6257703
       (312) 762-3100 – telephone
       (312) 762-3200 – facsimile

- and -

Andrew Houghton, Esq.
Jeffrey W. Dillon, Esq.
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202 – telephone
(212) 422-0925 – facsimile

Dated: May ___, 2010

LV1 1151188v2 05/25/10